**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HERIBERTO RODRIQUEZ,        )
                                  )
          Plaintiff,      )
                                  )      Civil Action No. 10-1383
         v.               )      Judge Cercone
                                  )      Magistrate Judge Bissoon
UNIT MANAGER WALKER, *et al.*,    )
                                  )
          Defendants.   )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Plaintiff's failure to comply with the orders of this Court, and failure to prosecute.

## II. REPORT

Heriberto Rodriquez ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Retreat ("SCI-Greene"), in Hunlock Creek, Pennsylvania. Plaintiff brings the instant lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C § 1981, *et seq.*, alleging violations of the Constitution of the United States by a host of Defendants. (Doc. 5). This suit commenced with the receipt of the complaint, along with motion to proceed *in forma pauperis* ("IFP"), on October 20, 2010. (Doc. 1). Plaintiff was granted leave to proceed IFP on November 9, 2010. (Doc. 4).

On December 9, 2010, Plaintiff was ordered to provide service copies of the complaint, U.S. Marshal 285 forms, and notice and waiver of summons forms for each Defendant, on or

before January 3, 2011. (Doc. 8). Having failed to provide these documents, which are necessary for the Marshals to serve the complaint, Plaintiff was issued an order to show cause on January 12, 2011. As of the date of this writing, Plaintiff has not complied with this order, nor has he sought an extension of time in which to do so, nor has he provided the above-mentioned service documents.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants, and Plaintiff's claims appear to be within the applicable statute of limitations. As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's orders. This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is an inmate proceeding *pro se*. Thus, the imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

At this early stage in the litigation, it is unclear whether Plaintiff's claims have merit. As such, this factor weighs neither for nor against dismissal.

Because four of the six Poulis factors weigh heavily in favor of dismissal, this case should be dismissed without prejudice.

Additionally, Rule 4(m) of the Federal Rules of Civil Procedure requires that service must be made upon a defendant within 120 days after the filing of a complaint or "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Well more than 120 days has passed since Plaintiff has been ordered to provide this Court with service documents. As such, this provides an independent reason for dismissal without prejudice

## III. <u>CONCLUSION</u>

For the reasons stated above, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Plaintiff's failure to comply with the orders of this Court, and failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until October 31, 2011, to file objections to this report and recommendation. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: October 16, 2011          <u>s/Cathy Bissoon</u>
                                                CATHY BISSOON
                                                UNITED STATES MAGISTRATE JUDGE

cc:
**HERIBERTO RODRIQUEZ**
FW1620
660 State Route 11
Hunlock Creek, PA 18621